IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY KENNEDY                                                              PETITIONER

V.                          No. 4:23-cv-00596 LPR/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")                                     RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Jeremy Kennedy ("Kennedy") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Kennedy is not challenging the convictions which resulted in his incarceration in the Arkansas Division of Correction ("ADC"). Instead, he alleges that officials of the ADC are illegally and unconstitutionally

refusing to allow his participation in an early release to traditional housing program.

On May 11, 2023, Kennedy petitioned the Arkansas Parole Board (the "Board") for early release under Act 679 of 2005, codified at Ark. Code Ann. § 16-93-211.  That statute created a program under which the Board can place eligible inmates in transitional housing up to a year before they might be paroled.  Kennedy states he was informed by the Institutional Release Officer ("IRO") that he would be screened and notified if selected for the early release program.  Kennedy disputed the IRO's position, alleging he was entitled under state law to a hearing before the Board.  Kennedy contends Act 679 and the Board's administrative rules mandate his early release.[1]

The fundamental flaw in Kennedy's argument is that he attacks the discretionary decisions made by the Board.  Kennedy mistakenly maintains that state law (Ark. Code Ann. § 16-93-211, and § 16-93-615) and administrative rules of the Board have created a liberty interest and that this interest has been violated. United States District Judge Kristine G. Baker ably addressed this argument in *Gardner v. Payne*, 2022 WL 1037103 (E.D. Ark. April 6, 2022):

---

[1]According to Payne, Kennedy's transfer eligibility date is March 22, 2024.  Doc. No. 9-1, page 11.

The Court interprets Mr. Gardner's allegations as a due process claim. Mr. Gardner, however, does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated. See *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984). A protected liberty interest "may arise from two sources — the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). There is " 'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.' " *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014) (quoting Greenholtz, 442 U.S. at 7). State law may create a liberty interest if " 'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.' " *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted).

When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing — that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Under Arkansas law, the Parole Board may release an individual on parole, but there is no right to release. Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions...." *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007); see also *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions).

Kennedy argues that Act 679 stands alone as the sole parole statute which creates a liberty interest. The Court disagrees. The general rule, enumerated above in *Gardner v. Payne*, has been applied in similar scenarios. *See, e.g., Robinson v. Kelley*, 2017 WL 3404973 (E.D. Ark. July 6, 2017) ("Eighth Circuit has repeatedly held that the Arkansas statutes create only a possibility of parole"); and *Proctor v.*

*Arkansas Department of Correction*, 2021 WL 1230489 (E.D. Ark. March 11, 2021) (Act 539 of 2017 did not give rise to a protected liberty interest "even if" inmate was entitled to a hearing).  Kennedy does not have a protectable interest in the possibility of parole and therefore he does not state a cognizable claim for habeas corpus relief.

Kennedy also contends Section 2.3 of the Board's Policy Manual creates a protected liberty interest in his release because it limits the discretion of the Board to only two options, and both options require the release of the inmate.  *See* Doc. No. 10, page 5.  This argument is without merit. In *Rhodes v. Kelley*, 2016 WL 2865374 (E.D. Ark. April 22, 2016), United States District Judge Billy Roy Wilson explained that this "two option" language in the Parole Board manual does not trump the overall Arkansas parole scheme which dictates that "the ultimate decision to grant or deny parole rests on the Board's 'opinion [whether] there is a reasonable probability that the inmate can be released without detriment ... and [is] willing to fulfill the obligations of a law-abiding citizen.' Ark. Code Ann. § 16–93–701."  Simply put, the Arkansas parole scheme, including Act 679 and the Parole Board manual, does not create a protectable liberty interest.

Based on the foregoing, the Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO RECOMMENDED this 6th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE